Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ELODIA VAZQUEZ, *individually and on*
*behalf of others similarly situated,*

                       *Plaintiff,*

            -against-

FIFTH AVENUE MEN'S SUITS
LLC. (d/b/a FIFTH AVENUE MEN'S
SUITS), DESIGNER MEN'S SUITS
INC. (d/b/a FIFTH AVENUE MEN'S
SUITS)  and AMIR HASSAN,

                     *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Elodia Vazquez ("Plaintiff Vasquez"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of defendants Fifth Avenue Men's Suits LLC (d/b/a Fifth Avenue Men's Suits) and Designer Men's Suits Inc. (d/b/a Fifth Avenue Men's Suits) ("Defendant Corporations") and Amir Hassan (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

     1.     Plaintiff Vasquez is a former employee of Defendants Fifth Avenue Men's Suits LLC (d/b/a Fifth Avenue Men's Suits), Designer Men's Suits Inc. (d/b/a Fifth Avenue Men's Suits), and Amir Hassan.

     2.     Fifth Avenue Men's Suits is a men's clothing outlet owned by Amir Hassan, located at 605 Fifth Avenue, 3rd floor, New York, NY, 10017.

3.      Upon information and belief, Defendant Amir Hassan serves or served as owner, manager, principal or agent of Defendant Corporations and through these corporate entities operates the Men's clothing outlet.

4.      Plaintiff Vasquez was employed as flyer distributor.

5.      At all times relevant to this Complaint, Plaintiff Vasquez worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that she worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of her hours worked, failed to pay Plaintiff Vasquez the applicable minimum wage, and failed to pay her appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

7.      Defendants' conduct extended beyond Plaintiff Vasquez to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Vasquez and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiff Vasquez now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146, including applicable liquidated damages, interest, attorneys' fees and costs.

2

10.     Plaintiff Vasquez seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Vasquez's state law claims is conferred by 28 U.S.C. § 1367(a).

12.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Vasquez was employed by Defendants in this district.

## THE PARTIES

*Plaintiff*

*Plaintiff Elodia Vazquez*

13.     Plaintiff Elodia Vazquez ("Plaintiff Vazquez" or Ms. Vazquez") is an adult individual residing in Bronx County, New York.

14.     Plaintiff Vazquez was employed by Defendants from approximately April 2007 until on or about February 2017.

*Defendants*

3

15.     At all times relevant to this complaint, Defendants own, operate, and/or control a men's clothing outlet located at 605 Fifth avenue, 3rd floor, New York, NY, 10017 under the name "Fifth Avenue Men's Suits".

16.     Upon information and belief, Fifth Avenue Men's Suits LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 605 Fifth avenue New York, NY, 10017.

17.     Upon information and belief, Designer Men's Suits Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 605 Fifth avenue New York, NY, 10017.

18.     Defendant Amir Hassan is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Amir Hassan is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

19.     Defendant Amir Hassan possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

20.     Defendant Amir Hassan determined the wages and compensation of the employees of Defendants, including Plaintiff Vasquez, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

4

21.     Defendants operate a men's clothing outlet located in the Midtown section of Manhattan.

22.      Individual Defendant Amir Hassan possesses operational control over Defendant Corporations, possesses an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Vasquez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Vasquez, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Vasquez, and all similarly situated individuals, and are Plaintiff Vasquez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Vasquez and/or similarly situated individuals.

27.     Upon information and belief, individual defendant Amir Hassan operates Defendant Corporations as either alter egos of himself, and/or fails to operate Defendant Corporations as legal entities separate and apart from himself by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

5

(b)    defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)    operating Defendant Corporations for his own benefit as the sole or majority shareholder;

(e)    operating Defendant Corporations for his own benefit and maintaining control over these corporations as  closed corporations or closely controlled entities;

(f)    intermingling assets and debts of his own with Defendant Corporations;

(g)    diminishing and/or transferring assets of Defendant Corporations to protect his own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

28.    At all relevant times, Defendants were Plaintiff Vasquez's employers within the meaning of the FLSA and NYLL.

29.    Defendants had the power to hire and fire Plaintiff Vasquez, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for Plaintiff Vasquez's services.

30.    In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of no less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold by the men's clothing outlet on a daily basis, such as suits, were produced outside of the State of New York.

*Individual Plaintiff*

32.     Plaintiff Vasquez is a former employee of Defendants, employed in performing the duties of flyer distributor.

33.     Plaintiff Vasquez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Elodia Vazquez*

34.     Plaintiff Vazquez was employed by Defendants from approximately April 2007 until on or about February 2017.

35.     At all relevant times, Plaintiff Vazquez was employed by Defendants as a flyer distributor.

36.     Plaintiff Vazquez regularly handled goods in interstate commerce, such as washing machines and dryers produced outside of the State of New York.

37.     Plaintiff Vazquez's work duties required neither discretion nor independent judgment.

38.     Throughout her employment with Defendants, Plaintiff Vazquez regularly worked in excess of 40 hours per week.

39.     From approximately April 2011 until on or about February 2017, Plaintiff Vazquez worked from approximately 10:00 a.m. until on or about 8:00 p.m. Thursdays through Mondays (typically 50 hours per week).

40.     Throughout her employment with defendants, Plaintiff Vazquez was paid her wages in cash.

41.     From approximately April 2011 until on or about April 2015, defendants paid Plaintiff Vazquez $5.00 per hour.

42.     From approximately April 2015 until on or about February 2017, defendants paid Plaintiff Vazquez $6.00 per hour.

43.     Defendants did not provide Plaintiff Vazquez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

44.      Plaintiff Vazquez was not required to keep track of her time, nor to her knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected her actual hours worked.

45.     Defendants never provided Plaintiff Vazquez with a written notice, in English and in Spanish (Plaintiff Vazquez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

46.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Vazquez regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

8

47.     Defendants regularly required Plaintiff Vasquez to work in excess of forty (40) hours per week without paying her the proper minimum and overtime wages.

48.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Vasquez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

49.     Plaintiff Vasquez was paid her wages entirely in cash.

50.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

51.     By employing these practices, Defendants avoided paying Plaintiff Vasquez the minimum wage for her regular hours and overtime compensation of time and a half for all of her hours worked in excess of forty (40) hours per week.

52.     Defendants failed to post required wage and hour posters in the Men's clothing outlet, and did not provide Plaintiff Vasquez with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Vasquez's relative lack of sophistication in wage and hour laws.

53.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Vasquez (and similarly situated individuals) worked, and to avoid paying Plaintiff Vasquez properly for (1) her full hours worked and (2) for overtime due.

54. Defendants failed to provide Plaintiff Vasquez and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

55. Defendants failed to provide Plaintiff Vasquez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

56. Plaintiff Vasquez brings her FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or

any of them, on or after the date that is three years before the filing of the complaint in their case

(the "FLSA Class Period"), as employee of Defendants (the "FLSA Class").

57.    At all relevant times, Plaintiff Vasquez  and other members of the FLSA Class

who are and/or have been similarly situated, have had substantially similar job requirements and

pay provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the required

minimum wage, overtime pay of one and one-half times her regular rates for work in excess of

forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and

other improper credits against Plaintiff Vasquez's  wages for which Defendants did not qualify

under the FLSA and willfully failing to keep records required by the FLSA.

58.    The claims of Plaintiff Vasquez stated herein are similar to those of the other

employees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

59.    Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set

forth herein.

60.    At all times relevant to this action, Defendants were Plaintiff Vasquez's

employers (and employers of the putative FLSA Class members) within the meaning of the Fair

Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff

Vasquez (and the FLSA class members), controlled the terms and conditions of employment, and

determined the rate and method of any compensation in exchange for their employment.

61.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

62.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

63.    Defendants failed to pay Plaintiff Vasquez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

64.    Defendants' failure to pay Plaintiff Vasquez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

65.    Plaintiff Vasquez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

66.    Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth herein.

67.    At all times relevant to this action, Defendants were Plaintiff Vasquez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Vasquez   (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

68.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

69.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

70.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Vasquez's (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

71.     Defendants' failure to pay Plaintiff Vasquez's (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

72.      Plaintiff Vasquez (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK MINIMUM WAGE RATE**

73.     Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth herein.

74.     At all times relevant to this action, Defendants were Plaintiff Vasquez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Vasquez (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

75.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Vasquez  (and the FLSA Class members) less than the minimum wage.

76.     Defendants' failure to pay Plaintiff Vasquez's (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

77.     Plaintiff Vasquez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK STATE
## LABOR LAW'S OVERTIME PROVISIONS

78.     Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth herein.

79.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Vasquez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

80.     Defendants' failure to pay Plaintiff Vasquez's (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

81.      Plaintiff Vasquez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

82.     Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth herein.

83.     Defendants failed to provide Plaintiff Vasquez with a written notice, in English and in Spanish (Plaintiff Vasquez's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

84.     Defendants are liable to Plaintiff Vasquez in the amount of $5,000, together with

14

costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

85.     Plaintiff Vasquez repeats and realleges all paragraphs above as though set forth fully herein.

86.     Defendants did not provide Plaintiff Vasquez with a statement of wages with each payment of wages, as required by NYLL 195(3).

87.     Defendants are liable to Plaintiff Vasquez in the amount of $5,000 , together with costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vasquez respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Vasquez and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Vasquez and the FLSA class

15

members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Vasquez's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Vasquez and the FLSA class members;

(f)     Awarding Plaintiff Vasquez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Vasquez and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Vasquez and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Vasquez and the members of the FLSA Class;

(j)     Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Vasquez's, and the FLSA Class members',

compensation, hours, wages; and any deductions or credits taken against wages;

(k)    Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Vasquez's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Vasquez and the FLSA Class members;

(m)    Awarding Plaintiff Vasquez and the FLSA class members damages for the amount of unpaid minimum and overtime wages as well as damages for any improper deductions or credits taken against wages;

(n)    Awarding Plaintiff Vasquez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiff Vasquez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p)    Awarding Plaintiff Vasquez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiff Vasquez and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

17

(s)      All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Vasquez demands a trial by jury on all issues triable by a jury.

Dated: New York, NY
April 21, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____

By:      Michael A. Faillace [MF-8436]
          60 East 42nd Street, Suite 4510
          New York, New York 10165
          (212) 317-1200
          *Attorneys for Plaintiff*

18

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 13, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Elodia Vazquez

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           13 de marzo de 2017

*Certified as a minority-owned business in the State of New York*