17 CV 2923 (JGK) (DCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELODIA VAZQUEZ and JAQUELINE
GAMEZ, *individually and on behalf of others
similarly situated*,

                                                Plaintiffs,

-against-

FIFTH AVENUE MEN'S SUITS
LLC (d/b/a FIFTH AVENUE MEN'S
SUITS), DESIGNER MEN'S SUITS
INC. (d/b/a FIFTH AVENUE MEN'S
SUITS), AMIR HASSAN, and ZIAD
MADKOUR,

                                                Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
PURSUANT TO RULE 56 OF THE FEDERAL RULES OF
CIVIL PROCEDURE**

**HORWITZ & ZIM LAW GROUP, P.C.**
*Attorney for Defendants*
260 Madison Avenue, 16th Floor
New York, New York 10016

By: Eric M. Zim, Esq.
Tel: (212) 644-1857

# **TABLE OF CONTENTS**

                                                                                                         **Page**

TABLE OF AUTHORITIES ................................................................................................... ii

CERTIFICATION OF COMPLIANCE .................................................................................. iv

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

STANDARD OF REVIEW FOR SUMMARY JUDGMENT ................................................... 3

ARGUMENT ............................................................................................................................. 4

        POINT I ........................................................................................................................ 4

                PLAINTIFFS DO NOT QUALIFY FOR
                INDIVIDUAL COVERAGE UNDER THE FLSA .................................. 4

        POINT II ...................................................................................................................... 6

                DEFENDANTS ARE NOT A COVERED
                ENTERPRISE AS DEFINED BY THE FLSA ......................................... 6

        POINT III ..................................................................................................................... 9

                THE COURT SHOULD DECLINE TO
                EXERCISE SUPPLEMENTAL JURISDICTION
                OVER THE STATE CLAIMS ................................................................. 9

CONCLUSION ........................................................................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Archie v. Grand Central Partnership, Inc.,
 997 F. Supp. 504 (S.D.N.Y. 1998) ...........................................................................................8

Boekemeier v. Fourth Universalist Society in the City of New York,
 86 F. Supp. 2d 280 (S.D.N.Y. 2000).........................................................................................5

Bowrin v. Catholic Guardian Society,
 417 F. Supp. 2d 449 (S.D.N.Y. 2006).......................................................................................5

Carnegie-Mellon University v. Cohill,
 484 U.S. 343 .............................................................................................................................9

Celotex Corp. v. Catrett,
 477 U.S. 317 (1986)..................................................................................................................3

Divins v. Hazeltine Electronics Corp.,
 163 F.2d 100 (2d Cir. 1947)......................................................................................................5

Dunlop v. Industrial America Corporation,
 516 F.2d 498 (5th Cir. 1975) ....................................................................................................6

Eastman Kodak Co. v. Image Technical Services, Inc.,
 504 U.S. 451 (1992)..................................................................................................................3

Gabai v. Jacoby,
 800 F. Supp. 1149 (S.D.N.Y. 1992)..........................................................................................3

Jacobs v. N.Y. Foundling Hospital,
 577 F.3d 93 (2d Cir.2009).....................................................................................................4, 6

Jaramillo v. Weyerhaeuser Co.,
 536 F.3d 140 (2d Cir. 2008)......................................................................................................3

Jermosen v. Coughlin,
 877 F. Supp. 864 (S.D.N.Y. 1995) ...........................................................................................3

Kinsella v. Rumsfeld,
 320 F.3d 309 (2d Cir. 2003)......................................................................................................3

Marshall v. Baker,
 500 F. Supp.145 (N.D.N.Y. 1980)............................................................................................8

**Pages**

Matsushita Electric Industrial Co. v. Zenith Radio Corp.,
 475 U.S. 574 (1986)...........................................................................................................3

McClellan v. Smith,
 439 F.3d 137 (2d Cir. 2006)..............................................................................................4

McLeod v. Threlkeld,
 319 U.S. 491, 63 S. Ct. 1248, 87 L. Ed. 1538 (1943).......................................................5

Phillips v. Star Overall Dry Cleaning Laundry Co.,
 149 F.2d 416 (2d Cir. 1945)..............................................................................................7

Polycarpe v. E&S Landscaping Service, Inc.,
 616 F.3d 1217 (11th Cir. 2010) ................................................................................6, 7, 8

Rocha v. Bakhter Afghan Halal Kababs, Inc.,
 44 F. Supp. 3d 337 (E.D.N.Y. 2014) ................................................................................4

Serrano v. I. Hardware Distributors, Inc.,
 2015 WL 4528170 (S.D.N.Y. 2015).................................................................................9

Walling v. Jacksonville Paper Co.,
 317 U.S. 564, 63 S. Ct. 332, 87 L. Ed.460 (1943)............................................................5

Williams v. Smith,
 781 F.2d 319 (2d Cir. 1986)..............................................................................................3

**Statutes**

28 U.S.C. §1367(c) ...................................................................................................................9

29 U.S.C. §203..................................................................................................................5, 7, 9

29 U.S.C. §203(s)(1)(A)(i) and (ii)............................................................................................6

29 U.S.C. §§206(a) ...................................................................................................................4

29 U.S.C. §207(a)(1).................................................................................................................4

**Other Authorities**

29 C.F.R. §779.103 ...................................................................................................................5

FED. R. CIV. P. 56(a)..................................................................................................................3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ELODIA VAZQUEZ and JAQUELINE
GAMEZ, *individually and on behalf of others similarly situated*,

                              Plaintiffs,

-against-

FIFTH AVENUE MEN'S SUITS
LLC (d/b/a FIFTH AVENUE MEN'S
SUITS), DESIGNER MEN'S SUITS
INC. (d/b/a FIFTH AVENUE MEN'S
SUITS), AMIR HASSAN, and ZIAD
MADKOUR,

                              Defendants.
-------------------------------------------------------------X

17-cv-2923-JGK-DCF

**CERTIFICATION OF COMPLIANCE**

I, Eric M. Zim, certify that there are 2,763 words contained in this brief (inclusive of point headings) and that this brief complies with this Court's formatting rules.

Dated: New York, New York
      June 12, 2018

                                      HORWITZ & ZIM LAW GROUP, P.C.
                                      *Attorneys for Defendants*
                                      260 Madison Avenue, 16th Floor
                                      New York, New York 10016
                                      (212) 644-1857 – telephone

                               By:_____
                                       Eric M. Zim, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ELODIA VAZQUEZ and JAQUELINE
GAMEZ, *individually and on behalf of others similarly situated*,

                                Plaintiffs,

-against-

FIFTH AVENUE MEN'S SUITS
LLC (d/b/a FIFTH AVENUE MEN'S
SUITS), DESIGNER MEN'S SUITS
INC. (d/b/a FIFTH AVENUE MEN'S
SUITS), AMIR HASSAN, and ZIAD
MADKOUR,

                                Defendants.
-------------------------------------------------------------X

17-cv-2923-JGK-DCF

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S
SUMMARY JUDGMENT MOTION**

## PRELIMINARY STATEMENT

In this case, the Plaintiffs were employed as flyer distributors by Defendants, who operate a men's clothing store. Plaintiffs commenced this suit seeking money damages under the Federal Labor Standards Act and the New York Labor Law. However, the Plaintiffs' claims fail as they do not qualify for individual coverage under the FLSA as they were not "engaged in commerce" or "engaged in the production of goods for commerce."

Similarly, the Plaintiffs have not invoked enterprise coverage. The first prong of enterprise coverage has not been met as the Defendants did not have two (2) or more employees: "engaged in commerce or in the production of goods for commerce" or "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person". Here, the Defendants' only employees distributed flyers at or about the Defendants' men's clothing store in New York City. However, the flyers distributed by the Plaintiffs were not used as a material to perform the Defendants' specific business, which is a

1

men's clothing store. The flyers are more akin to goods that fall under the ultimate-consumer exception. As such, the first prong of enterprise coverage is not met, and thus, the Defendants are not subject to the Federal Labor Standards Act.

As more fully set forth herein, Defendants are entitled to summary judgment dismissing the claims brought under the Federal Labor Standards Act, and thus, the Court should decline to exercise supplemental jurisdiction over the New York Labor Law claims.

## STATEMENT OF FACTS

Plaintiffs are the former employees of Defendants, Fifth Avenue Men's Suits LLC (d/b/a Fifth Avenue Men's Suits) and Designer Men's Suits Inc. (d/b/a Fifth Avenue Men's Suits) (Rule 56.1 Statement, ¶ 2). Defendant, Fifth Avenue Men's Suits LLC, and then Defendant, Designer Men's Suits Inc., operated as Fifth Avenue Men's Suits. (Rule 56.1 Statement, ¶ 3). Fifth Avenue Men's Suits is a men's clothing store owned in part by Defendants Amir Hassan and Ziad Madkour. (Rule 56.1 Statement, ¶ 4).

At all relevant times, the Plaintiffs were employed by Defendants as flyer distributors. (Rule 56.1 Statement, ¶ 5). As such, the Plaintiffs simply distributed flyers at or around the Defendants' men's clothing store location in New York City. (Rule 56.1 Statement, ¶ 6). The Plaintiffs did not independently procure the flyers, but instead, said flyers were obtained by the Defendants who provided the Plaintiffs with them. (Rule 56.1 Statement, ¶ 7).

At all relevant times, Defendants, Amir Hassan and Ziad Madkour, who own the Defendant Corporations in part, were the only individuals who dealt with the customers at Fifth Avenue Men's Suits. (Rule 56.1 Statement, ¶ 8). At all relevant times, in addition to an independent tailor who was engaged occasionally by the Defendants for alterations, the only employees at Fifth Avenue Men's Suits worked as flyer distributors, not in the store assisting customers. (Rule 56.1 Statement, ¶ 9).

## STANDARD OF REVIEW FOR SUMMARY JUDGMENT

A court must grant a motion for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is appropriate when, the evidence viewed in the light most favorable to the non-movant, the court determines that no genuine issue of material fact exists. See Id.; and Eastman Kodak Co. v. Image Technical Services, Inc., 504 U.S. 451, 456 (1992). A material fact is one that might affect the outcome of a suit under governing law. Kinsella v. Rumsfeld, 320 F.3d 309, 311 (2d Cir. 2003). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.'" Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A motion for summary judgment, therefore, requires the party with the burden of proof at trial to "make a showing sufficient to establish the existence of an element essential to that party's case . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party can show that no genuine issue of material fact exists by "setting forth specific facts denying [plaintiff's] claims." Jermosen v. Coughlin, 877 F. Supp. 864 (S.D.N.Y. 1995) (citing Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986)). The moving party may also prevail "'by pointing out that there is an absence of evidence to support the non-moving party's case.'" Jermosen, 877 F. Supp. at 864 (quoting Gabai v. Jacoby, 800 F. Supp. 1149, 1153 (S.D.N.Y. 1992)). In order to avoid summary judgment, the non-moving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial. Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 145 (2d Cir. 2008) (internal citations omitted). Evidence which is merely "colorable, conclusory, speculative or not significantly probative" is insufficient to withstand a summary judgment motion. Gabai, 800 F. Supp. at 1153. Similarly,

"[t]he nonmoving party cannot defeat summary judgment by 'simply showing that there is some metaphysical doubt as to the material facts . . . or by a factual argument based on 'conjecture or surmise.'" McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006) (internal citations omitted).

In the instant case, summary judgment is warranted because Plaintiffs cannot show that there are disputed facts that require a trial. Defendants therefore respectfully request that summary judgment be granted in their favor.

## ARGUMENT

### POINT I

### PLAINTIFFS DO NOT QUALIFY FOR INDIVIDUAL COVERAGE UNDER THE FLSA

Plaintiffs claim unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et. seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et. seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §146. The minimum wage and overtime provisions of the FLSA apply to employees who are either (1) "engaged in commerce or in the production of goods for commerce," or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§206(a) and 207(a)(1). The two categories are commonly referred to as "individual" coverage and "enterprise" coverage, respectively. Rocha v. Bakhter Afghan Halal Kababs, Inc., 44 F. Supp. 3d 337, 342 (E.D.N.Y. 2014) (quoting Jacobs v. N.Y. Foundling Hospital, 577 F.3d 93, 96 (2d Cir.2009)).

In order to qualify for individual coverage under the FLSA, an employee must either be "engaged in commerce" or "engaged in the production of goods for commerce." 29 U.S.C. §207(a)(1). "Commerce" is defined under the FLSA as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place

outside thereof." 29 U.S.C. §203(b). An employee is considered to be engaged in the production of goods if he or she "is employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State." 29 U.S.C. §203(i).

Here, it is rather clear that the Plaintiffs were not "engaged in the production of goods for commerce" by simply distributing flyers at or around the Defendants' men's clothing store in New York City.

In addition, the Plaintiffs cannot show that they were "engaged in commerce." According to the Department of Labor's interpretation, employees are engaged in commerce "when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) between states." 29 C.F.R. §779.103; and Bowrin v. Catholic Guardian Society, 417 F. Supp. 2d 449 (S.D.N.Y. 2006). Moreover, an employee is engaged in commerce when regularly using the mails and telephone for interstate communication, or when regularly traveling across state lines while working. Id. Also, to be engaged in commerce, "a 'substantial part' of the employee's work must be related to interstate commerce." Boekemeier v. Fourth Universalist Society in the City of New York, 86 F. Supp. 2d 280, 287 (S.D.N.Y. 2000) (citing Divins v. Hazeltine Electronics Corp., 163 F.2d 100, 103 (2d Cir. 1947); and Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S. Ct. 332, 87 L. Ed.460 (1943)). Thus, under an individual theory of coverage, "[t]he test under this present act, ... is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." Boekemeier, 86 F. Supp. 2d at 287 (quoting McLeod v. Threlkeld, 319 U.S. 491, 497, 63 S. Ct. 1248, 87 L. Ed. 1538 (1943)).

As noted previously, the Plaintiffs simply distributed flyers at or about the Defendants' men's clothing store in New York City. It is also important to note that the Plaintiffs did not procure the flyers, but, instead, said flyers were always provided to the Plaintiffs. Based upon the foregoing, the Plaintiffs were not engaged in commerce, nor were they engaged in the production of goods for commerce as noted above. Therefore, the Plaintiffs do not qualify for individual coverage under the FLSA.

### POINT II

### DEFENDANTS ARE NOT A COVERED ENTERPRISE AS DEFINED BY THE FLSA

In order to invoke enterprise coverage under the FLSA, an employer must be an enterprise that (1) has at least two employees "engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) has at least $500,000 of "annual gross volume of sales made or business done." 29 U.S.C. §203(s)(1)(A)(i) and (ii). Jacobs, 577 F.3d at 99; Dunlop v. Industrial America Corporation, 516 F.2d 498, 500-501 (5th Cir. 1975); and Polycarpe v. E&S Landscaping Service, Inc., 616 F.3d 1217 (11th Cir. 2010).

In the instant case, the Plaintiffs have not met the first prong of enterprise coverage. To begin, the individual Defendants, Amir Hassan and Ziad Madkour, were the only individuals who dealt with the customers at Fifth Avenue Men's Suits. Since Mr. Hassan and Mr. Madkour are owners of the Defendant Corporations that operate Fifth Avenue Men's Suits, they are not employees under the FLSA. In addition to the independent tailor who was engaged occasionally by the Defendants to perform alterations, the only employees at Fifth Avenue Men's Suits, which included the Plaintiffs and 1-2 other individuals, worked as flyer distributors, not in the store

assisting customers with merchandise. Thus, as noted above in Point I, the Plaintiffs, as well as the other flyer distributors, who were the only employees of the Defendants, were not engaged in commerce or in the production of goods for commerce by simply distributing flyers at or about the Defendants men's clothing store in New York City. Accordingly, the Defendants did not have two (2) or more employees engaged in commerce or in the production of goods for commerce as per the first prong of enterprise coverage.

In addition, the Defendants also did not have two (2) or more employees "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as per the first prong of enterprise coverage, which is known as the "handling clause." Polycarpe v. E&S Landscaping Service, Inc., 616 F.3d 1217, 1220 (11th Cir. 2010). Under the FLSA, "goods" are defined as "wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." 29 U.S.C. §203(i).

Thus, if the employees of an enterprise are only handling "goods," the ultimate-consumer exception, if satisfied, could by itself exempt an employer from exposure under the FLSA. Polycarpe, 616 F.3d at 1222. In other words, if the employer were the ultimate consumer of all of its "goods" that were moved in or produced for interstate commerce … the FLSA would not apply to that employer. Id. See also Phillips v. Star Overall Dry Cleaning Laundry Co., 149 F.2d 416, 419 (2d Cir. 1945) ("The delivery contemplated by Sec. 3(i) of the statute is, we think, one which gives the ultimate consumer the right to deal with the 'goods' as his own while they are being consumed."). Here, the flyers were obtained by the Defendants and used or consumed within their business as they saw fit, thus, the ultimate consumer exception was triggered.

The use of "materials" after the word "goods" signifies "the congressional intent to bring within…coverage those businesses which handle products consumed in the course of their operations." Archie v. Grand Central Partnership, Inc., 997 F. Supp. 504, 530 (S.D.N.Y. 1998) (quoting Marshall v. Baker, 500 F. Supp.145, 151 (N.D.N.Y. 1980)). Moreover, "the legislative history here helps confirm that where a business provides a service using an item as part of its 'commercial operations,' Congress intended for those kinds of items to be viewed as 'materials.'" Polycarpe, 616 F.3d at 1224. "Whether an item counts as 'materials' will depend on two things: 1) whether, in the context of its use, the item fits within the ordinary definition of 'materials' under the FLSA [i.e. the item is a tool or other article necessary for doing or making something] and 2) whether the item is being used commercially in the employer's business [i.e. the item must have a significant connection with the employer's commercial activity]." Id. at 1225-1226.

Thus, "the ordinary meaning of 'handling, selling, or otherwise working on" is not so expansive as to be limitless; not every employer that meets the $500,000 sales threshold must be subject to the FLSA." Id. at 1227. Indeed, "…an employee who uses an item at work will only sometimes be 'handling, selling, or otherwise working on' the item for the purposes of FLSA coverage: an item's use must have a significant connection to the employer's business purposes." Id. Accordingly, "for the purposes of the FLSA's handling clause, an item will count as 'materials' if it accords with the definition of 'materials' – tools or other articles necessary for doing or making something – in the context of its use and if the employer has employees 'handling, selling, or otherwise working on' the item for the employer's commercial (not just any) purposes." Id.

Here, as previously noted, the only employees at Fifth Avenue Men's Suits, which included the Plaintiffs and 1-2 other individuals, worked as flyer distributors whereby they distributed flyers at or about the Defendants' men's clothing store in New York City. It is possible that the flyers may have been made from paper produced outside the State of New York. However, neither the paper from which the flyers were made, nor the flyers have a significant connection, or are used as an item to perform, the Defendants' commercial activity, which is a retail men's clothing store. Indeed, the flyers are more akin to goods that fall under the ultimate-consumer exception as noted previously. See 29 U.S.C. §203(i). Moreover, the Plaintiffs did not procure the flyers, but, instead, said flyers were obtained by the Defendants and provided to the Plaintiffs to be used in their employ as flyer distributors. Based upon the foregoing, the first prong of enterprise coverage is not met, and therefore, the Defendants are not subject to the FLSA as there is no enterprise coverage.

### POINT III

### THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE CLAIMS

Without FLSA coverage, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' State claims brought under NYLL §§190 and 650 *et. seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §146. See 28 U.S.C. §1367(c); and Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350, n. 7(1988) ("when the federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); see also Serrano v. I. Hardware Distributors, Inc., 2015 WL 4528170, at *4 (S.D.N.Y. 2015) ("Because the FLSA claims have been dismissed, this Court declines to exercise supplemental jurisdiction over the NYLL claims.").

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their motion for summary judgment in its entirety, together with such costs, fees and other and further relief as the Court deems just and proper.

Dated:    New York, New York
          June 12, 2018

                                      HORWITZ & ZIM LAW GROUP, P.C.
                                      *Attorneys for Defendants*
                                      260 Madison Avenue, 16th Floor
                                      New York, New York 10016
                                      (212) 644-1850 – telephone

                                  By:_____
                                      Eric M. Zim, Esq.